WILSON *et. al. v.* KNIGHT.

A defective notice cured, by going to trial on the merits, without exception to the ruling of the court in relation to the notice.

When a trial is required within five days after notice, a notice on the fifteenth brings the twentieth, within the five days.

Where an appeal bond is not in form or substance a recognizance such as is required by statute for appeals from justices of the peace, it is error to render judgment against the sureties in the summary method directed against sureties in a recognizance. Rev. Stat. 336, § 16.

ERROR *to Lee District Court.*

*Opinion by* GREENE, J.  This proceeding was commenced under the statute by Curtis Knight who claimed goods levied upon by virtue of a writ of attachment. The plaintiff obtained judgment before the justice of the peace. The cause was taken by appeal to the district court where the

Wilson *v.* Knight.

defendant moved to dismiss the suit, alleging that legal notice had not been given by the claimant, and that the justice had not fixed the time for trial within five days after the claim was filed in his office, as provided by statute. Rev. Stat. 332, § 12.

Before this motion was filed there appears to have been a rule on the justice to perfect his returns and while the motion was under advisement the rule was answered, and a corrected transcript filed. The original and amended returns contain sufficient to show that legal notice had been given. The court therefore very properly overruled the motion to dismiss. But if the notice had not been sufficient, the plaintiff in error waived the objection, by going to trial in the district court upon the merits, without reserving any exception to the ruling of the court upon the motion. This implied acquiescence in that decision, removes the other objection that the day had not been fixed for trial within the time limited by law. Besides, the day fixed for trial was within five days after the day on which the notice was filed. The notice was filed on the fifteenth, and the twentieth of the same month was the day of trial. Exclude, agreeable to the former ruling of this court, the day of filing, and the day of trial still comes within the five days.

The judgment against said Jones D. Wilson in the court below is therefore affirmed. But as judgment was also rendered against his securities in the appeal bond, and as this bond is not in form or substance a recognizance entered into before the justice, and attested by him as provided by law, Rev. Stat. 334, § 2, 3, and as the statute—p. 336, § 16,—authorizes judgment on appeal against securities in such recognizance only, the judgment as to Reeves and Johnson, as securities in the bond, is reversed at the cost of defendant in error.         Judgment reversed.

*L. R. Reeves*, for plaintiffs in error.

*C. Mason* and *D. F. Miller*, for defendant.